UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

REGINALD T. DAVIS,

Petitioner,

vs.

LEROY CARTLEDGE, WARDEN,

Respondent.

C/A No.: 4:14-cv-4651-JMC-TER

**Report and Recommendation**

Petitioner, Reginald Davis (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on December 10, 2014. (Doc. #1). Respondent filed a motion for summary judgment on June 10, 2015, along with a return and memorandum. (Docs. #22 and #23). The undersigned issued an order filed June 10, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #23). Petitioner filed a response on August 7, 2015.

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in McCormick Correctional Institution pursuant to an order of commitment from the Clerk of Court of Saluda County. Petitioner was indicted at the November 2003 term of the Saluda County Grand Jury for burglary 1st degree. Petitioner was represented by C. Rauch Wise, Esquire.

A jury trial began on January 27, 2005, before the Honorable William P. Keesley, Circuit Court Judge. Petitioner was found guilty as charged, and Judge Keesley sentenced him to seventeen (17) years confinement.

**DIRECT APPEAL**

Petitioner filed a direct appeal and was represented by Aileen P. Clare of the South Carolina Office of Appellate Defense. Petitioner raised the following issue:

> Did the lower court err by denying appellant's motion for a directed verdict of not guilty of first-degree burglary, when the state offered no evidence that he had intent to commit a crime or that he was present or participated in the alleged aggravating offense?

The State filed a response. On September 18, 2006, the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion. The

remittitur was issued on October 4, 2006.

**PCR**

On March 26, 2007, Petitioner filed an application for post-conviction relief ("PCR"). The State made its return to the application on June 18, 2007. Nick Riley, Esquire, represented Petitioner in the action, and Respondent was represented by Assistant Attorney General A. West Lee. An evidentiary hearing was held on September 16, 2010, before the Honorable R. Knox McMahon, Circuit Court Judge. Petitioner testified on his own behalf. Also testifying on Petitioner's behalf was Johnny Tolle, and the deposition of Officer Fred Wideman was introduced without objection. Respondent presented the testimony of trial counsel, the solicitor in the case, and the victim. By order dated and filed March 11, 2011, Judge McMahon denied and dismissed the PCR application with prejudice. The order was filed with the Saluda County Clerk of Court on March 22, 2011.

On April 4, 2011, Petitioner's PCR counsel filed a Rule 59e Motion to Alter or Amend the PCR Court's order of dismissal. Respondent filed a return. On June 8, 2011, the PCR court issued its order denying the Rule 59e motion.

**PCR APPEAL**

Petitioner appealed the PCR court's order of dismissal by filing a petition for writ of certiorari in the Supreme Court of South Carolina. Petitioner was

represented by Wanda H. Carter of the South Carolina Office of Appellate Defense. Petitioner presented the following issue:

> Trial counsel erred in failing to object to the solicitor's prejudicial conscience of the community closing comments made to the jury in the case.

(Petitioner for Writ of Certiorari).

The State made its return to the petition. The appeal was transferred to the South Carolina Court of Appeals by order of the South Carolina Supreme Court. The South Carolina Court of Appeals denied the petition on July 28, 2014, and issued the remittitur on August 13, 2014, (Attachment 8).

**HABEAS ALLEGATIONS**

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE: The state court erred in applying Strickland v. Washington standard, was an unreasonable Application, that went beyond the scope of Barker v. Wingo.

Supporting facts: See Attached Brief.

GROUND TWO: Unreasonable Application of Strickland v. Washington when trial counsel did not give a strategic reason for not objecting to the closing argument.

Supporting facts: See Attached brief.

GROUND THREE: The State court findings that counsel was more credible than the Petitioner was an unreasonable application of Strickland v. Washington in regard to the prejudicial photographs.

Supporting Facts: See Attached brief.

GROUND FOUR: The P.C.R. Court's decision was contrary to Russell v. U.S. and U.S. v. Thomas, whereas what constitutes a defective indictment in regards to Burglary.

Supporting Facts: See Attached brief.

(Habeas Petition) (errors in original).

**STANDARD FOR SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v.

Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

> States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any

level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## ANALYSIS

### Grounds One, Three and Four

Respondent argues that Grounds One, Three, and Four are procedurally defaulted due to the issues not being raised in the PCR appeal by way of the petition for writ of certiorari.

The issues raised in Petitioner's Grounds One, Three and Four were raised at PCR and ruled upon by the PCR judge. However, the issues were not raised in the petition for writ of certiorari in which only one issue was raised: Whether trial counsel was ineffective for failing to object to the Solicitor's closing argument. Therefore, it is recommended that Grounds One, Three, and Four be dismissed as they are procedurally barred from federal habeas review. Petitioner has not shown cause to

overcome the default.[2]

**Ground Two**

In Ground two, Petitioner asserts trial counsel was ineffective in failing to object to the Solicitor's closing argument. This issue was raised in the PCR application, ruled upon by the PCR court, and raised in the PCR appeal. Respondent asserts the PCR court directly addressed this issue and found it to be without merit. Respondent argues this determination is entitled to deference based on the credibility finding and that the factual ruling is supported by the record.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court

[2] The Martinez v. Ryan, ––– U.S. ––––, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), exception does not extend to PCR appellate counsel. See e.g., Crowe v. Cartledge, No. 9:13–CV–2391–DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); Cross v. Stevenson, No. 1:11–CV–02874–RBH, 2013 WL 1207067 at *3 (D.S.C. Mar.25, 2013) ( "Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default.").

must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

To provide context to the statement Petitioner is objecting to, the portion of the closing argument to which Petitioner is referring is as follows:

> Ladies and gentlemen, I don't care how any body is raised, right is right, wrong is wrong. I don't care what race you are, where you come from, where you're raised, anything else, right is right, wrong is wrong. Mr. Davis up there saying, oh, we were two black young men up there, they were there, that has nothing to do with race in this case. Nothing. It's right and wrong. It's whether or not you are going to be secured in your own home here in Saluda County or not. It's whether or not you going to have the protection of the law to keep people that are going to steal something from you out of your home. Right and wrong.

(Tr. 229, lines 6-17). The solicitor further stated in his closing argument as follows:

> Ladies and gentlemen all that I ask that you do is to go back in that jury room and come back with a verdict that speaks the truth and does justice for everyone here in Saluda County. You decide whether it's right or wrong to go up inside somebody's house or not, in spite of what anybody else tells you. . . .

(Tr. 237, lines 11-18).

At the PCR hearing, Petitioner testified that by making these statements, he felt like the Solicitor was asking the jury to protect the community from him; that " . . . he was telling them that if they do not convict me, they won't have the protection of the law, if they don't convict me of that." (Tr. 309, lines 20-22).

Trial counsel testified that he could not recall the remarks made by the Solicitor

during the closing argument. He further testified that if a comment was made that this was "a serious case for Saluda County," he did not feel the comment was prejudicial or "should have been objected to." (Tr. 348). When asked if a comment that "this case is important because it's about being safe in homes in Saluda County" would be prejudicial, counsel testified that "that may be getting close to the edge." (Id.). Counsel testified that if that comment was made in the case, he did not object. When asked if he thought Petitioner would have suffered prejudice because he failed to object to the comments if made, counsel testified "I don't know if that would have been that prejudicial, in my frank opinion." (Id.).

In the order of dismissal, the PCR judge found as follows with regard to this issue:

> With respect to this claim, this Court again finds that the Applicant has failed to meet his burden of proof. This court finds Counsel's testimony that he saw nothing particularly objectionable about the Solicitor's statements in closing, and that it was his practice not to object in closing unless comments were egregious so as not to draw further attention to them to be credible, and further finds that it was a strategic choice made by Counsel during trial. Our courts are understandably wary of second-guessing defense counsel's trial tactics. . . . here Counsel articulated valid strategic reasons for not voicing an objection during the Solicitor's closing argument. Further, the Applicant has not shown that counsel was deficient in that choice of tactics. As such, this Court finds that the Applicant is unable to show either ineffective assistance of Counsel or resulting prejudice.

(Tr. 391-92 ).

The PCR court found no error by trial counsel because he found trial counsel's testimony credible that he did not believe the content of the solicitor's closing to be prejudicial. It further found the decision to not object to be trial strategy to avoid bringing attention to the comments. Finally, it found that even assuming error by counsel, Petitioner failed to show Strickland prejudice.

The undersigned is unable to find any support in the record for the PCR court's factual and legal findings and conclusions that trial counsel's failure to object to the solicitor's comments was based on trial strategy.

Nonetheless, Petitioner has not shown prejudice. Since the burden is on the Petitioner to show both incompetence and sufficient prejudice, an inquiry into whether counsel's performance was deficient may begin within an inquiry of either prong of the Strickland test. Strickland, 466 U.S. at 697("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed."). While an objection may be needed where you have objectionable conduct, it is not a violation of the due process if a Petitioner fails to show that the remarks so prejudiced his substantial rights that he was denied a fair

trial. See United States v. Lighty, 616 F.3d 321, 359 (4th Cir.2010); Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) ( *quoting* Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)).[3] The facts in this case do not rise to this level. Additionally, Plaintiff fails to show the PCR court's finding of no prejudice was contrary to, or an unreasonable application of, clearly established federal law. See Strickland, supra.[4] Thus, it is recommended that Respondent's motion for summary judgment be granted with regard to Ground Two. [5]

---

[3] In determining prejudice, courts look to (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury. These factors are examined in the context of the entire trial, and no one factor is dispositive. United States v. Wilson, 135 F.3d 291, 299 (4th Cir.1998).

[4] Petitioner presents only speculation of a reasonable probability he would have been acquitted of the charges but for these remarks."Speculation and conjecture does not satisfy the prejudice prong of Strickland." Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir.1989)

[5] Respondent argues that the Solicitor's remarks did not constitute a "Golden Rule" argument. "In a Golden Rule argument, jurors are urged to place themselves in the position of a party, a victim, or a victim's family member and decide the case from that perspective." Brown v. Cartledge, No. 9:09–2254–JFA–BM, 2010 WL 2733858, at *6 (D.S.C. June 10, 2010) report and recommendation adopted, C.A. 9:09–2254–JFA, 2010 WL 2730882 (D.S.C. July 9, 2010) "The law is clear that although it is improper to ask jurors to place themselves in the position of a party, such a 'golden rule' argument does not constitute reversible error if no prejudice arise[s] from counsel's comment." Brown v. Cartledge, No. 9:09–2254–JFA–BM, 2010 WL 2733858 at *6 (D.S.C. June 10, 2010), citing Ladantae v. Koppel, No. 07–2176, 2010 WL 2025586 at *13 (D.Md. May 19, 2010). See also, Darden v. Wainwright, 477 U.S. 168, 180, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (Prosecutor's remarks may have been "undesirable or even universally condemned" but did not so infect the trial with "unfairness as to make the resulting conviction a

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #22) be granted and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 12, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached** notice.

denial of due process."). In this case, the remarks at issue by the Solicitor did not rise to a level of a "Golden Rule" argument, suggesting to jurors that they put themselves in the shoes of one of the parties.