# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Reginald T. Davis, ) | |
| ) | Civil Action No.: 4:14-cv-04651-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Leroy Cartledge, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Reginald Davis ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel and defective indictment. (ECF No. 1). This matter is before the court on Respondent's Motion for Summary Judgment (ECF Nos. 22, 23).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Thomas Rogers, III, for pre-trial handling. On January 12, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 34). This review considers Petitioner's Objection to the Report and Recommendation ("Objections"), filed February 16, 2016. (ECF No. 39).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 34). The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is currently incarcerated at the McCormick Correctional Institution within the

1

South Carolina Department of Corrections ("SCDC").

In November 2003, the Saluda County Grand Jury issued an indictment charging Petitioner with burglary first degree. (ECF No. 34 at 2). A jury trial was held on January 27, 2005, before the Honorable William P. Keesley. (*Id.*). The jury found Petitioner guilty as charged, and Judge Keesley sentenced Petitioner to seventeen years imprisonment. (*Id.*) Petitioner, represented by appellate counsel, filed a direct appeal of his conviction and sentence in the South Carolina Court of Appeals raising only one issue: whether the trial judge erred in denying Petitioner's directed verdict on the charge of burglary first degree where the state offered no evidence that he had intent to commit a crime or that he was present during the alleged aggravating offense. (*Id.*) On September 18, 2006, the Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion.

Subsequently, on March 26, 2007, Petitioner filed an Application for Post-Conviction Relief ("PCR"), which was dismissed on March 11, 2011, following an evidentiary hearing. (*Id.* at 3). On April 4, 2011, Petitioner filed a motion to alter or amend the order of dismissal. (*Id.*). The motion to alter or amend was denied on June 8, 2011. Petitioner, through counsel, timely filed a petition for writ of certiorari raising one issue: whether trial counsel erred in failing to object to the solicitor's prejudicial conscience of the community closing arguments made to the jury. (*Id.* at 4). On July 28, 2014, the South Carolina Court of Appeals denied the petition.

Petitioner filed the instant habeas Petition on December 10, 2014, alleging four grounds for relief: (1) ineffective assistance of counsel for failing to object to the indictment; (2) ineffective assistance of counsel for failing to object to prejudicial conscience of the community statements during closing argument; (3) ineffective assistance of counsel for failing to object to prejudicial photographs entered into evidence; and (4) defective indictment. (ECF No. 1 at 6-11). On June

2

10, 2015, Respondent filed a Motion for Summary Judgment along with a Return and Memorandum of Law in Support of Motion for Summary Judgment. (ECF Nos. 22, 23). That same day, the court entered an order pursuant *to Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the time period for filing a response. (ECF No. 24). Petitioner filed a response in opposition on August 7, 2015. (ECF No. 32).

On January 12, 2016, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion and dismiss the Petition. (ECF No. 34.) The Magistrate Judge found that Grounds One, Three, and Four are procedurally barred because those claims were not exhausted in the state courts. (*Id.* at 10). Although Petitioner raised the issues in Grounds One, Three, and Four in his original PCR application, he did not raise those issues in his petition for writ of certiorari. Accordingly, the Magistrate Judge found that Grounds One, Three, and Four should be dismissed because Petitioner has not shown cause to overcome the default. (*Id.*) With respect to Ground Two—ineffective assistance of counsel for failing to object to closing arguments—the Magistrate Judge determined that Petitioner cannot demonstrate prejudice. The Magistrate Judge noted that although an objection may have been needed, Petitioner's due process rights were not violated if he cannot show that the remarks prejudiced his rights to the extent that he was denied a fair trial. Here, the Magistrate Judge found that the facts in this case do not demonstrate that Plaintiff was denied a fair trial. Furthermore, Petitioner has failed to show that the PCR court's finding of no prejudice was based on an unreasonable application of federal law. Thus, the Magistrate Judge recommended that Respondent's Motion for Summary Judgment should be granted as to Ground Two.

Petitioner timely filed his Objections on February 16, 2016.[1]  (ECF No. 39).

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

---

[1] On January 25, 2016, the court entered a text order granting Petitioner's Motion for Extension of Time to File Response.  (ECF No. 37).

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner filed extensive Objections to the Magistrate Judge's Report, largely consisting of detailed explanations of relevant case law. The majority of Petitioner's Objections do not outline specific errors in the Report, however, Petitioner seems to object to the Magistrate Judge's finding that Grounds One, Three, and Four are procedurally defaulted. Specifically, Petitioner repeatedly notes case law which instructs federal courts to ignore procedural defaults for state claims where the last state court to rule on the claims ignored the default and addressed the merits. (ECF No. 39 at 8, 20). Presumably, Petitioner believes this court should ignore the procedural default for these claims because the PCR court addressed these issues on the merits in spite of the fact that Petitioner did not raise these claims on direct appeal. Additionally, Petitioner objects to the Magistrate Judge's finding as to Ground Two, where the Magistrate Judge concluded that Petitioner was not prejudiced by the solicitor's closing remarks.

Because this court finds that Petitioner has raised specific objections to the Report, this court has conducted a *de novo* review. With respect to Grounds One, Three, and Four, this court finds that the Magistrate Judge properly concluded that these grounds should be dismissed because they are procedurally barred. Petitioner seems to assert that his default should be ignored because the PCR court addressed the merits of these claims which should have been raised on direct appeal. Accordingly, it follows, that since the PCR court addressed the merits of claims that should have been dismissed as defaulted claims, this court should address those claims as well. However, Petitioner's assertion is misguided. Prior to seeking habeas corpus relief, a petitioner is required

5

to exhaust his state court remedies by presenting his claims to the state's highest court. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). "In determining whether a claim has been exhausted, a federal court sitting in habeas must consider not merely whether the claim has been placed before the highest state court, but also whether the state court has been given a fair opportunity to review the claim." *Baker v. Corcoran*, 220 F.3d 276, 290-91 (4th Cir. 2000). In order to give a state court a fair opportunity to review any claims, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In South Carolina, a ruling by a PCR court is a final judgment. S.C. Code Ann. § 17-27-80 (2014). However, a petitioner has the option to file a petition for writ of certiorari in order to have that final judgment reviewed by the Supreme Court of South Carolina. S.C. Code Ann. § 17-27-100 (2014). Following a ruling by a PCR court, any claims a petitioner raises in an appeal to the Court of Appeals or Supreme Court of South Carolina will be deemed exhausted for the purpose of federal habeas review. *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990).

In this case, Petitioner did not give the South Carolina state courts a fair opportunity to resolve the issues raised in Grounds One, Three, and Four because he did not properly invoke one complete round of the South Carolina appellate review process as to those issues. Although Petitioner properly raised the claims made in Grounds One, Three, and Four in his original PCR petition, he did not raise those claims in his petition for writ of certiorari to the Supreme Court of South Carolina. Accordingly, Petitioner failed to exhaust his state court remedies, and the

6

Magistrate Judge properly concluded that Grounds One, Three, and Four are procedurally defaulted.

Finally, in Ground Two, Petitioner asserts that his trial counsel was ineffective for failing to object to improper remarks made in the solicitor's closing statement. During his closing remarks, the solicitor stated that the case "is about right and wrong. It's whether or not you are going to be secured in your own home here in Saluda County or not. It's whether or not you're going to have the protection of the law to keep people that are going to steal from you out of your home." (ECF No. 23-2 at 26). The solicitor further stated that the jury should "come back with a verdict that speaks the truth and does justice for everyone here in Saluda County." (*Id.* at 34). Petitioner asserts that his trial counsel should have objected to these remarks because they were prejudicial since the solicitor seemed to be appealing to the jury that Petitioner needed to be found guilty in order to protect the community from him. The Magistrate Judge concluded that although the remarks may have been objectionable, the Petitioner could not demonstrate prejudice as a result of the solicitor's remarks. This court agrees.

To determine whether Petitioner is entitled to relief as a result of the solicitor's remarks during trial, the court must find that the remarks prejudiced his rights to the extent that he was denied a fair trial. *See United States v. Lighty*, 616 F.3d 321, 359 (4th Cir. 2010). In doing so, this court must consider several factors:

> (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury and to prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the defendant; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

*United States v. Caro*, 597 F.3d 608, 626 (4th Cir. 2010). This court finds that the solicitor's remarks were not extensive. During a lengthy closing, the solicitor only appealed to the conscience of the community twice. This court further finds that the appeal to the community conscience was invited by trial counsel's closing remarks. In his closing, trial counsel specifically stated "I can leave here and stop at any house between here and Saluda, open the front door, I can even break it in if it takes it, go in look around and walk out and I have not committed a crime except trespassing." (ECF No. 23-2 at 9). Thus, this court finds that the solicitor's remarks appealing to the community were in direct response to trial counsel's remarks regarding the legality of entering the home of another person without permission. Additionally, there is no indication that the solicitor's marks were used to divert the jury's attention. Also, at the beginning of trial, the trial judge instructed the jury that remarks made by attorneys during trial are not evidence. (ECF No. 23-1 at 9-10).

Furthermore, this court finds that there was competent proof to establish the guilt of Petitioner without the remarks by the solicitor. The state was required to prove that Petitioner (1) entered the dwelling of the victim (2) without consent (3) with the intent to commit a crime, and that (4) as a result, the victim sustained an injury that was the natural consequence of the plan to commit burglary. (ECF No. 23-2 at 4). Petitioner testified that he had known the victim all of his life, such that the victim could identify him. (ECF No. 23-1 at 128). Petitioner testified to entering the victim's home along with his brother without permission while the victim was not present. (*Id.* at 127-28). Petitioner testified that when the victim saw them in his home, he brandished a gun and told Petitioner and his brother to leave. (*Id.* at 115-16). Petitioner indicates that he left immediately, but his brother was not right behind him. (*Id.* at 116). He also testified that his brother later informed him that he hit the victim over the head. (*Id.* at 117). Evidence established

that the victim was injured as a result of the blow to the head. (*Id.* at 53, 83). Thus, there was no doubt that Petitioner entered the dwelling without consent and that the victim was injured as a result.

Though there was no direct evidence of Petitioner's intent to commit a crime while in the dwelling, Petitioner's intent can be implied from the circumstances surrounding the commission of the crime. Petitioner and his brother claimed that they only entered the victim's home because they were trying to find him so they could purchase gas from the gas station he owned. (ECF No. 23-1 at 112, 155). Although Petitioner claimed that he needed gas to make it into downtown Saluda to purchase food for a barbecue, he testified that after they fled from the scene of the crime, they drove to a neighboring town to his sister's house without having to stop for gas. (*Id.* at 134-36). Evidence further established that after the incident took place, Petitioner and his brother fled to New York where they remained for two years before being apprehended. (*Id.* at 139). These facts, taken together, cast doubt on Petitioner's explanation for being in the victim's home and could reasonably lead a jury to believe that Petitioner entered the victim's home with the intent to commit a crime. Accordingly, this court cannot find that the solicitor's remarks prejudicially affected Petitioner's rights to the extent that he was deprived of his right to a fair trial. Thus, the Magistrate Judge properly concluded that Petitioner could not demonstrate prejudice as a result of the solicitor's remarks.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 34). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 22) is **GRANTED**, and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

**Certificate of Appealability**

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 15, 2016
Columbia, South Carolina